## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| VIKRAMKUMAR J. SHAH, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00089-SDJ-CAN |
| v. | § | |
| | § | |
| NOVELIS | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On February 8, 2022, *pro se* Plaintiff Vikramkumar J. Shah ("Plaintiff") initiated the instant suit through the filing of his Original Complaint against Defendant Novelis ("Defendant") [Dkt. 1]. Plaintiff paid the full filing fee in this cause on March 29, 2022 [*see* docket generally]. On April 14, 2022, the Court issued a Notice of Impending Dismissal, reminding Plaintiff of his obligation to serve Defendant and warning that his case would be dismissed if Defendant was not served or a verified petition was not filed with the Court on or before May 9, 2022 [Dkt. 9 at 1]. Subsequently, Plaintiff filed a motion requesting the Court to serve Defendant [Dkts. 19; 20]. Because Plaintiff has paid the filing fee, the Court denied such request, finding "[Plaintiff] is responsible for serving Defendant[] in this action" [Dkt. 22 at 1]. On November 16, 2022, summons was issued to Novelis and forwarded to Plaintiff for service [Dkt. 23]. On January 23, 2023, the issued summons was returned undeliverable [Dkt. 26]. On February 3, 2023, summons was reissued by the Clerk's Office [Dkt. 27]; however, at present, Defendant still has not been served (over a year after the filing of Plaintiff's suit) and no additional requests for extension or additional time to serve have been received from Plaintiff. Stated succinctly, far more than 90 days have passed from the date of filing of the Complaint, and Defendant has not been served.

It is undisputed that "[b]efore a[] federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Accordingly, Plaintiff had ninety (90) days to accomplish effective service of process. The intent of the rules for serving process is to give sufficient notice to a defendant of any actions filed against him or her.

In this case, the 90-day time period within which Plaintiff was required to accomplish service of process has long since expired. Plaintiff has been warned about complying with the requirements of Rule 4, and the Court has given Plaintiff ample opportunity to complete service [*see e.g.*, Dkt. 9]. Plaintiff has failed to serve Defendant and has not filed any requests for an extension of time to complete service. The Court finds there is no good cause to extend the time for service. *See Stewart v. City of Irving*, No. 3:17-CV-3296-G-BK, 2018 WL 2323257, at *1 (N.D. Tex. Apr. 16, 2018) (recommending dismissal under Rule 4(m) for failing to serve or respond to the court's notice of impending dismissal), *report and recommendation adopted*, No. 3:17-CV-3296-G (BK), 2018 WL 10435253 (N.D. Tex. May 1, 2018); *Ceaser v. United States*, No. 1:18-CV-560, 2019 WL 2112993, at *1 (E.D. Tex. Mar. 28, 2019) (same), *report and recommendation adopted sub nom. Ceaser v. United States*, No. 1:18-CV-560, 2019 WL 2114026 (E.D. Tex. May 13, 2019). Without good cause, an extension of time to serve is not mandatory,

and it is within this Court's discretion to dismiss the case. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Because Plaintiff failed to sustain the burden to show that Defendant has been properly served, and no good cause exists to extend the time period for service any further, the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE